UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT GUI,

    Plaintiff,

v.

                                  Case No. 12-15654
                                  Hon. Patrick J. Duggan

INKSTER SCHOOL DISTRICTS, JUMANNE
SLEDGE, SHAWN SMITH, ROY HARRIS,
and THEA MARCH,

    Defendants.
_____/

**<u>OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS</u>**

On December 27, 2012, Plaintiff Albert Gui initiated this action, proceeding *pro se*, by filing a complaint with this Court. Plaintiff appears to state two causes of action under Title VII of the Civil Rights Act of 1964 ("Title VII"), charging that Defendants Inkster Public School District, Jumanne Sledge, Shawn Smith, Roy Harris, and Thea March discriminated against him because of his national origin in violation of 42 U.S.C. § 2000e-2(a)(1) and then retaliated against him for engaging in protected conduct in violation of 42 U.S.C. § 2000e-3(a). Presently before the Court is Defendants' Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Having determined that oral argument would not significantly aid the decisional process, the Court dispensed

---

[1] Somewhat confusingly, Defendants' Motion actually bears the title of a "Motion for Summary Judgment." (ECF No. 6.) Because Defendants' Motion and supporting brief both seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and do not so much as mention Federal Rule of Civil Procedure 56, the Court construes Defendants' Motion as a motion to dismiss.

with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court notified the parties of this decision on March 20, 2013. For the reasons stated herein, the Court denies Defendants' Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a "Black" "American citizen, born and raised in Cote D'Ivoire, a French[-]speaking country[,]" began working as a math instructor at Inkster High School, which is part of Inkster Public School District, in August of 2010. (Compl. at 6, ECF No. 1, pg. ID 6.) During the two academic years Plaintiff taught at Inkster High School, he was subjected to "ongoing" "harassment [and] intimidation" and required to work in an "abusive" environment. (*Id.* at 7.) Plaintiff began lodging a series of internal complaints regarding what he perceived as discriminatory treatment in early 2011. (*See, e.g.*, Charge of Discrimination, Compl. Ex. 11, ECF No. 1, pg. ID 78.) Ultimately, Plaintiff was discharged on or about March 30, 2012. (*Id.*)

On April 2, 2012, Plaintiff filed a Charge of Discrimination with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission ("EEOC"). (*Id.*) The charge alleged discrimination based on national origin and retaliation. (*Id.*) On September 21, 2012, the EEOC sent Plaintiff a letter indicating that it was unable to determine that a statutory violation had occurred and apprised Plaintiff of his right to file a private lawsuit within ninety days of receiving the letter. (Right-to-Sue Letter, Compl. Ex. 9, ECF No. 1, pg. ID 70.) Plaintiff filed this lawsuit on December 27, 2012. (Compl., ECF No. 1.)

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) allows the Court to make an assessment as to whether a plaintiff's pleadings have stated a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007), the Court must construe the complaint in favor of the plaintiff and determine whether plaintiff's factual allegations present claims plausible on their face. This standard requires a claimant to put forth "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the requisite elements of their claims. *Id.* 550 U.S. at 557, 127 S. Ct. at 1965. Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965) (internal citations omitted); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief [.]").

In determining whether a plaintiff has set forth a "claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974), courts must accept the factual allegations in the complaint as true, *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. This presumption, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief

must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65) (internal citations and quotations omitted).

Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of [a legal transgression], the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citations omitted). In conducting its analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (reaffirming rule of more liberal construction with *pro se* complaints less than two weeks after issuing *Twombly*). The leniency with which courts construe *pro se* plaintiffs' complaints, however, does not abrogate the basic pleading requirements designed to ensure that courts do "not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). *Pro se* plaintiffs still must provide more than bare assertions of legal conclusions

to survive a motion to dismiss. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). However, because deficiencies in a pro se plaintiff's complaint are likely attributable to a lack of training, "courts typically permit the losing party leave to amend[,]" even in the absence of a specific request by the non-moving party. *Brown v. Matauszak*, No. 09-2259, 415 F. App'x 608, 614-615 (6th Cir. Jan. 31, 2011) (unpublished) (McKeague, J.) (quotation omitted).

### III.   ANALYSIS

While far from a model of clarity, Plaintiff's Complaint appears to state two causes of action under Title VII, charging that Defendants discriminated against him because of his national origin in violation of 42 U.S.C. § 2000e-2(a)(1) and then retaliated against him for engaging in protected conduct in violation of 42 U.S.C. § 2000e-3(a). Plaintiff's Complaint also references several constitutional amendments, including the Fifth Amendment, the Thirteenth Amendment, and the Fourteenth Amendment. (*See, e.g.*, Compl. 3, 4, 8, ECF No. 1, pg. ID 3, 4, 8.) Additionally, Plaintiff alleges that Defendants "violated administrative law" and "broke Common law." (*See, e.g.*, *id.* at 4, 6, 8, ECF No. 1, pg. ID 4, 6, 8.)

On January 9, 2013, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion focuses on the Title VII components of Plaintiff's Complaint, raising a single ground for dismissal: "Plaintiff's 90-day period [for filing suit in federal court under Title VII] expired on or about December 20, 2012.

Accordingly, Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted." (Def.'s Mot. ¶ 4.)

An action brought pursuant to Title VII must be filed within ninety days of receiving a right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-(5)(f)(1) (requiring that if the EEOC dismisses a charge or does not file an action, it must notify the aggrieved person and "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge"). Any action not commenced within ninety days of receiving a right-to-sue notice will be time barred. *See, e.g.*, *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50, 104 S. Ct. 1723, 1724-25 (1984) (per curiam) (determining that *pro se* plaintiff did not commence a civil action within ninety days of receiving her right-to-sue notice as required by Title VII and reinstating district court's dismissal). If the factual allegations viewed in the light most favorable to Plaintiff demonstrate that Plaintiff commenced the instant action beyond the ambit of the limitations period, summary dismissal should be granted in the absence of waiver, estoppel, or compelling justification or excuse which tolls the limitations period. *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 557 n.8 (6th Cir. 2000) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-95, 102 S. Ct. 1127, 1132-33 (1982) and *Mounts v. Grand Truck W. R.R.*, 198 F.3d 578, 580 (6th Cir. 2000)). The Court analyzes the statutory limitations period and before discussing whether the doctrine of equitable tolling should apply.

6

A.     **Ninety-Day Statute of Limitations under 42 U.S.C. § 2000e-(5)(f)(1)**

Federal courts have strictly enforced Title VII's ninety-day statutory limit. *Graham-Humphreys*, 209 F.3d at 557.  In *Brown*, an opinion that dismissed a *pro se* Title VII complaint filed outside of the ninety-day window, the Supreme Court indicated that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."  466 U.S. at 152, 104 S. Ct. at 1723.  On a separate occasion, the Supreme Court noted that "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."  *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S. Ct. 2486, 2497 (1980).

Defendants argue that dismissal is proper here because "Plaintiff's 90-day period expired on or about December 20, 2012."  (Defs.' Mot. ¶ 4, ECF No. 6.)  Defendants are mistaken about the date on which the limitations period expired, but are not mistaken that Plaintiff filed his Complaint after it had expired.

The EEOC issued and mailed Plaintiff his right-to-sue notice on September 21, 2012.  (EEOC Right-to-Sue Letter, Compl. Ex. 9, pg. ID 70.)  In the Sixth Circuit, "notice is *given*, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of [a right-to-sue notice] to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that

five-day [period],[2] unless the plaintiff rebuts that presumption with proof that he or she did not *receive* notification within that period." *Graham-Humphreys*, 209 F.3d at 557 (emphasis and footnote in original) (citations omitted); 29 C.F.R. § 1601.28(e) ("The notice of right to sue shall include (1) Authorization to the aggrieved person to bring a civil action under title VII . . . within 90 days from *receipt* of such authorization.) (emphasis added).

In the instant case, Plaintiff has not suggested that he did not receive the letter within the five-day window, and as such, the ninety-day limitations period commenced on September 26, 2012. (*See* Pl.'s Resp.[3] 3 at ¶ 4, ECF No. 11 ("The Right To Sue letter was signed on the 9/21/2012. This letter was not received by me the same day, it took some days through the post office before it reached.").) The ninety-day period to file an action in federal court was therefore set to expire on December 25, 2012, but, by virtue of

---

[2] "The Sixth Circuit allots two days for postal delivery of a [right-to-sue] notice beyond the three[-]day period allowed by Federal Rule of Civil Procedure 6([d])." *Graham-Humphreys*, 209 F.3d at 558 n.9 (citation omitted).

[3] The Court construes the document filed on January 31, 2013 and entitled "Plaintiff's Motion to invalidate the motion of summary judgment filed by the defendants" as Plaintiff's Response. (ECF No. 11.) While not particularly relevant here, the Court notes that Defendants' Reply argues that pursuant to Eastern District of Michigan Local Rule 7.1(a)(1)(B), Plaintiff's Response was due on January 30, 2013 and therefore must be stricken as untimely. (Defs.' Reply 1-2, ECF No. 13.) Defendants' contention regarding Plaintiff's Response is wholly without merit as Federal Rule of Civil Procedure 6(d) provides "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C)[] . . . 3 days are added after the period would otherwise expire under rule 6(a)." Rule 5(b)(2)(C) describes service effectuated by mail and provides that "service is complete upon mailing[.]" Defendants' Motion was served upon Plaintiff via mail. (*See* Certificate of Service, ECF No. 7 (providing that Defendants mailed Plaintiff a copy of the motion on January 9, 2013).) When Rules 6(d) and 6(a)(1)(C) are applied, Plaintiff had until Monday, February 4, 2013 to submit his response. Insofar as the Response was filed January 31, 2013, it was timely.

application of Federal Rule of Civil Procedure 6(a)(1)(C), Plaintiff's litigation initiation window closed on December 26, 2012, not December 20 as Defendants contend. Plaintiff's Complaint, which was sent via mail, was received by the Clerk's office on December 27, 2012, as evidenced by the stamp on the outside of the envelope. (Compl., ECF No. 1 Att. 1 at 3.) Thus, Defendants are correct that Plaintiff failed to file his Complaint within the period provided by Title VII. *See* Fed. R. Civ. P. 5(d)(2)(A) ("A paper is filed by delivering it . . . to the clerk.").

**B.      Equitable Tolling**

Timely filing a civil action pursuant to 42 U.S.C. § 2000e-(5)(f)(1) "is not jurisdictional, [and therefore,] a court may apply equitably tolling." *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003) (citation omitted); *see also Zipes*, 455 U.S. at 393, 102 S. Ct. at 1132. Plaintiff's Response mentions equitable tolling and although the Response does not address the specific equitable tolling factors, the Court notes that deficiencies in a *pro se* litigant's pleadings are likely attributable to a lack of training. (Pl.'s Resp. 2 at ¶ 1, ECF No. 11.) Plaintiff contends that he placed his Complaint in the mail "before the deadline, around December 19, 2012. This was a busy time at the Post office due to Christmas session. Also the court was closed on December 25, 2012 (and December, 26, 2012 to the best of my knowledge)." (*Id.* at 4, ¶ 5.) He further contends that although he requested his EEOC file on September 27, 2012, the EEOC mailed it on October 23, 2012 and he received it "around October 28, 2012[.]" (*Id.*) Moreover, all the lawyers Plaintiff contacted for assistance asked for the EEOC file and by the time Plaintiff received it, the lawyers were busy "so I decided to go Pro Se." (*Id.*)

9

Before proceeding with the equitable tolling analysis, it is necessary to address Plaintiff's factual positions. First, Plaintiff's Complaint was signed and dated December 20, 2012. (Compl. at 20, ECF No. 1, pg. ID 20.) As such, the Court believes that the earliest the Complaint could have been mailed was December 20, 2012. Second, the Court was closed on December 24 and December 25, 2012, not December 26 as the Plaintiff suggests. Lastly, the fact that Plaintiff did not receive his EEOC file until October 28, 2012, and the fact that Plaintiff could not find an attorney, are irrelevant because "even a *pro se* litigant . . . is required to follow the law." *Graham-Humphreys*, 209 F.3d at 561.

As mentioned above, federal courts have shown a proclivity toward strict enforcement of Title VII's ninety-day statutory limit.[4] *Id.* at 557. As a corollary, equitable tolling is employed "sparingly[.]" *Id.* at 560 (citation omitted). Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61 (citing *Brown*, 466 U.S. at 151, 104 S. Ct. at 1726). "[F]ailure to satisfy a deadline caused by 'garden variety neglect' cannot be excused by equitable tolling." *Id.* at 561 (quoting *Johnson v. United States Postal Serv.*, 64 F.3d 233, 238 (6th Cir. 1995)).

---

[4] By contrast, courts tend to apply equitable tolling with greater frequency where a plaintiff fails to timely file a complaint with the EEOC. This is distinguishable from the ninety-day window to file a civil action in federal court after receipt of a right-to-sue notice because, as the Supreme Court noted in *Brown*, the right-to-sue notice specifically reminds plaintiffs of the ninety-day limitation whereas there is no comparable procedure to directly notify potential plaintiffs of the time limitations to file a complaint with the EEOC. *Garrett v. Structured Cable Sys., Inc.*, No. 10-55, 2010 WL 3862994, at *7 n.6 (E.D. Ky. Sept. 28, 2010) (unpublished).

"Absent compelling equitable considerations, a court should not extend the limitations period by even a single day." *Id.* (citation omitted).

The Sixth Circuit has set forth the following factors for courts to consider in determining whether equitable tolling is appropriate:

> 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Id.* (quoting *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). This list is not comprehensive, and "the propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Id.* (quoting *Truitt*, 148 F.3d at 648).

### 1. *Notice of Filing Requirement*

The Court addresses three of the five equitable tolling factors together: (1) lack of notice of the filing requirement; (2) constructive knowledge of the filing requirement; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Id.* The Court finds that none of these three factors weigh in favor of equitable tolling. Plaintiff had actual and constructive notice of the filing requirement as the right-to-sue notice explicitly provided "Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost." (EEOC Right-to-Sue Letter, Compl. Ex. 9, ECF No. 1, pg. ID 70 (emphasis in original).) Plaintiff's actual knowledge of the filing deadline renders the fifth factor (the plaintiff's reasonableness in remaining ignorant of the filing deadline) inapplicable.

## 2. *Diligence in Pursuing One's Rights*

The third equitable tolling factor is Plaintiff's diligence in pursuing his rights. *Graham-Humphreys*, 209 F.3d at 561. Defendants, who, as explained above, are operating under the erroneous belief that the deadline was December 20, 2012, argue that "Plaintiff has no explanation as to why he filed his pleadings in an untimely fashion." (Def.'s Reply 2, ECF No 13.) According to Defendants, "Plaintiff attempts to blame his untimely filing on the post office by indicating that the mailed the materials to the Court 'before the deadline, around December 19, 2012. This was a busy time at the post office due to Christmas[.]'" (*Id.* at 3 (emphasis deleted) (citing Pl.'s Resp. 4, at ¶ 5, ECF No. 11.).)

As stated previously, the Court assumes, on the basis of Plaintiff's Complaint being signed and dated December 20, 2012, that this is the earliest the Complaint could have been mailed. (Compl. at 20, ECF No. 1, pg. ID 20.) Had the filing deadline been December 20, 2012, as suggested by Defendants, the issue of whether Plaintiff was diligent would present this Court with a closer call. However, because the deadline was December 26, 2012, and because the Court does not deem it unreasonable that Plaintiff was unaware that the Court was closed on December 24, 2012, the Court believes that Plaintiff acted diligently by mailing his Complaint to the Clerk's Office on or around December 20, 2012. By way of analogy, the Federal Rules provide three days for mailing. Fed. R. Civ. P. 6(d). Had Plaintiff's Complaint not been due during the holiday season, he could safely presume that his Complaint would be received by the Clerk's Office by December 24, 2012 – two days before his filing deadline. The Court believes

12

that fact that it did not so arrive was beyond Plaintiff's control and was manifestly not of his doing. As such, the Court does not fault Plaintiff for the delayed filing.[5] To the contrary, the Court believes that Plaintiff diligently pursued his legal rights. This factor weighs in favor of tolling.

### 3.     *Absence of Prejudice to the Defendant*

The fourth factor addresses the absence of prejudice to Defendants. *Graham-Humphreys*, 209 F.3d at 561. In *Brown*, the Supreme Court indicated that the absence of prejudice to the defendant caused by the *pro se* plaintiff's failure to timely file her complaint was but a single factor and "not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." 466 U.S. at 151-52, 104 S. Ct. at 1726. However, once a factor that justifies tolling is identified, the absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should be applied. *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988) (citation omitted).

Defendants have not argued and the Court does not believe that Defendants would incur prejudice by virtue of Plaintiff's late filing. It is difficult to imagine that one day would have an impact on Defendants' ability to defend this action. Accordingly, this factor weighs in favor of tolling the limitations period.

Upon balancing the factors, the Court believes that equitable tolling is appropriate in this case. As such, the Court finds that Plaintiff's Complaint was timely filed.

---

[5] The Court further notes that if Plaintiff had access to ECF, the Complaint would have been filed on December 20, 2012, the date Defendants erroneously deem the filing deadline.

13

### C. Additional Matters

The Court finds it necessary to address two additional issues. First, the Defendants' Reply attempts to transform the Motion to Dismiss into a Motion for Summary Judgment. (Defs.' Reply 3, ECF No. 13 ("Candidly, the instant Motion is probably better couched under Fed. R. Civ. P. 56.").) Defendants argue that summary judgment is proper because "Plaintiff provides no affidavits, interrogatories, depositions or other material which may be relied upon to create a genuine issue of material fact." (*Id.* at 5.) This argument is premature as Defendants have failed to present a legitimate reason to convert the instant motion into one for summary judgment. Relatedly, the Court does not consider the arguments made in Plaintiff's motion entitled "Discretion to Deny Summary Judgment," (ECF No. 14), because it is a sur-reply to arguments the Court has not considered in Defendants' Reply.

Second, as noted in the beginning of the Analysis section of this Opinion and Order, Plaintiff's Complaint is far from a model of clarity. In addition to alleging causes of action under Title VII, Plaintiff references several constitutional amendments and alleges that Defendants "violated administrative law" and "broke Common law." (*See, e.g.*, Compl. 3, 4, 6, 8, ECF No. 1, pg. ID 3, 4, 6, 8.) Although the Court recognizes that *pro se* complaints are to be construed liberally, *pro se* plaintiffs still must comply with the pleading requirements of Federal Rule of Civil Procedure 8. *Wells*, 891 F.2d at 594. As such, if Plaintiff wishes to allege causes of action other than those arising under Title VII, he must file an amended complaint that comports with Rule 8. If Plaintiff does not

14

file an amended complaint, the case will proceed only with respect to the Title VII claims.

## IV. CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that equitable tolling is appropriate under the circumstances of this case. Therefore, the Court deems Plaintiff's Complaint, filed one day after the statutory limitations period, timely.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED**;

**IT IS FURTHER ORDERED** that if Plaintiff wants to proceed on a cause of action other than those stated under Title VII, he must file an amended complaint that complies with Federal Rule of Civil Procedure 8 within **14 days** of this Order.

Date: March 27, 2013

         s/PATRICK J. DUGGAN
         UNITED STATES DISTRICT JUDGE

Copies to:

**Albert Gui**
4062 #D W. 13 Mile Road
Royal Oak, MI 48073

**Michael D. Weaver, Esq.**